# Kirley *v.* Thom, Appellant.

*Master and servant—Discharge of servant—Evidence—Question for jury.*

In an action by a school teacher against her employer to recover salary after an alleged wrongful discharge, the case is for the jury where the evidence is conflicting as to the alleged misconduct and insubordination of the plaintiff upon which the discharge was based and particularly when the conflict of testimony relates to whether the alleged acts of misconduct occurred before or after the discharge.

Argued Oct. 24, 1906. Appeal, No. 84, Oct. T., 1906, by defendant, from judgment of C. P. Clearfield Co., Feb. T., 1905, No. 225, on verdict for plaintiff in case of Margaret Kirley v. G. W. Thom. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover salary. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were answers to defendant's point quoted in the opinion of the Superior Court.

*A. L. Cole*, for appellant.

*W. C. Pentz*, for appellee.

OPINION BY BEAVER, J., November 19, 1906:

Plaintiff brought her action against the defendant to recover for five months' wages, alleged to be due her under a parol agreement of hiring for a year, as a teacher of shorthand in the business college conducted by the defendant, after her discharge from said employment.

All of the questions in the case are those of fact.

1. Was the employment of the plaintiff for a year, or was it by the month, or during satisfactory service? This was fairly left to the jury, and, having been found against him, the defendant, as we understand it, raises no question here in that regard.

2. Was the conduct of the defendant toward the plaintiff

such as justified her in her retorts and conduct, characterized by the defendant as insubordination, which justified her discharge?

3. Did these so-called acts of insubordination occur after or before the discharge of the plaintiff by the defendant?

4. Was she entitled, under her own evidence, to recover for five months of idleness or for three months, during which she had no employment and was not engaged in any other occupation?

The law of the case was clearly laid down by the court below and with it the appellant has no controversy.   Taking the instruction of the court as a whole, we can find nothing in it which would justify our interference.   This is summed up in the charge of the court as applicable to the facts, whichever way the jury should find them, as follows:

"We will give you the law applicable to the situation as we look at the law.   And first we say, that if you find that Miss Kirley, plaintiff, did interfere with the discipline of the school that afternoon by interfering with the orders of Mr. Thom to some of the scholars to go to another room, or did, generally speaking, raise such a disturbance there as to be destructive of school discipline, she was insubordinate, and he (Thom) had a right to discharge her and could not be compelled to pay for the balance of the time.   In this connection, you should keep in mind also that Mr. Thom has a perfect right to order pupils from her room to another shorthand teacher, if his purpose was simply the regulation of his school.

"Second. If, on the other hand, you find that Thom first threatened her with other branches, when her contract was for shorthand only, if you so find that was the contract, then swore at and abused her, and then, in pursuance of such plan, ordered pupils from her room, and otherwise so acted as to aggravate her beyond self control, then we say to you that he could not use her subsequent admitted acts or act of insubordination as an excuse for dismissal.   Miss Kirley's act, which she admits, of staying in the room teaching, after another had been ordered to take her place and she was discharged, according to her testimony, was insubordinate and not within her rights or duties, neither was such conduct necessary to maintain her rights, even if her prior conduct had been wholly correct.   As we

look at this case, however, we cannot say to you, as a matter of law, that this admitted willful act of hers was not excusable under the circumstances. Her conduct, as well as that of Mr. Thom's, must be judged of by the jury, in the light of all the facts and the law as we give it to you. If, in the light of all these facts, she was insubordinate, she was properly discharged and cannot recover here."

This instruction to the jury was given, after a portion of the testimony of the plaintiff, as written out by the court reporter, had been read, in which it appeared : " By Mr. Pentz (plaintiff's attorney) : Q. Answer his question, if you told them not to obey Thom, that is what he was asking you. A. Mr. Pentz, when I did nothing of the kind. Q. Say so, then. A. Before he discharged me ? Q. If you did afterwards, tell what you did ; that is all. A. Well, of course, after he dismissed me and he told some of the scholars to go up to the table and recite to the other teacher, .I said I wouldn't go, but I was discharged. Mr. Cole : The school was then in session, was it ? A. I was discharged. Q. Well, was the school then in session ? A. I guess it was. Q. And he told them to go and recite to another teacher and you told them not to go ? A. I said I wouldn't go. Q. You said you wouldn't go ? A. Yes, but I was discharged then, gentlemen of the jury, please remember that."

Under all the testimony it was clearly impossible for the court to have said to the jury, as a matter of law, that the plaintiff had been insubordinate. If what she did was after her discharge, her acts could not have been used as a justification for her discharge. Under the circumstances the court was entirely justified in refusing the first point of the defendant, " That, under all the evidence, the court should direct a verdict for the defendant," and also in his answer to the defendant's fourth point, which was : " The plaintiff in this case having admitted that she refused to withdraw from the classroom when directed by the defendant, and also having admitted that, in defiance and disobedience of his orders, insisted on teaching a class that was being taught by another teacher, under the direction of the defendant, and also that, when the pupils were directed by the defendant to recite to another teacher, that she advised them not to do so, she was guilty of such misconduct

as justified her discharge, and she is not entitled to recover in this case.   The plaintiff having further testified that her conduct on the day she was discharged was calculated and intended to annoy the defendant, the proprietor of the school, she was guilty of such misconduct in that as to preclude her right to recover."   The answer was: "This point, gentlemen of the jury, we refuse as a whole.   The facts stated there are all for the jury and are for your consideration, as to whether or not that was such insubordinate, such misconduct as justified her dismissal under the circumstances which have been related here, taking into consideration the circumstances of the two parties and their relation at that time."   To this answer might fairly have been added, "particularly in view of the fact that the plaintiff testified that her so-called misconduct occurred after her actual discharge."

The jury found a verdict for three months' services, evidently deducting wages for two months, which the court said might be done, if they recalled the fact that she had testified that she had attended school for two months.

The facts seem to have been impartially weighed by the jury and their verdict should stand, unless there was some error in the charge of the court which we have failed to find and which the court, on a reconsideration, on a motion for judgment on a reserved point non obstante veredicto, reconsidered and confirmed.

The other assignments of error require no special discussion.   None of them is sustained.

Judgment affirmed.